Nadja Yang
200 E Liberty St Lbby Unit 7760
Ann Arbor MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
S: Maintained
Plaintiff *pro se*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

Southern Division

| | |
|---|---|
| NADJA YANG,<br>*Plaintiff*,<br>v.<br>EDUCATIONAL COMPUTER SYSTEMS, INC., *et al.*,<br>*Defendants*. | Case No. 2:26-cv-12839-SKD-APP<br>District Judge Susan K. DeClercq<br>Magistrate Judge Anthony P. Patti<br><br>**SUGGESTION OF RECUSAL**<br>28 U.S.C. § 455(a) |

By Order of Reference entered August 18, 2026, this matter stands "referred to U.S. Magistrate Judge Anthony P. Patti for all pretrial proceedings." ECF No. 5. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The section is "a self-executing provision," a "mandatory guideline that federal judges must observe *sua sponte*," with "no particular procedure that a party must follow." *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980).

The Complaint pleads Defendant Denise Truesdell as "a Senior Legal Assistant in the University's Office of the Vice President and General Counsel";

Defendant Timothy G. Lynch as having "served as the University's Vice President and General Counsel"; Defendant Sean Fritz as "an Accounting Senior Manager in the University's Student Financial Services"; Defendant Kathleen Chapman as "a Collections Counselor in the University's Student Loan Collections office"; and Does 1–10 as "University employees." Compl. ¶¶ 11–15, ECF No. 1.

The Regents of the University of Michigan stand toward the four named Defendants as a potential indemnitor: it is the University's "policy to defend and indemnify employees who become parties to legal proceedings by virtue of their good faith efforts to perform their responsibilities of employment." Univ. of Mich., Standard Practice Guide 601.09, *Defense and Indemnification* (last updated Feb. 28, 1994), https://web.archive.org/web/20250330220925/https://spg.umich.edu/sites/default/files/policies/601x09.pdf. Whether to accept an offer of settlement is among the "litigation and settlement strategies and decisions" over which the University holds "sole authority" in "those proceedings for which it is providing legal counsel to an employee." *Id.* "In proceedings in which both the University and an employee are parties," the University holds "the sole discretion to determine when a conflict of interest exists between the University and the employee such that separate representation of the employee shall be provided by the University." *Id.*

The employee's "full cooperation with legal counsel is a condition of continued defense and indemnification"; separate counsel comes only "at their own expense"; and if the University revokes, it "may seek restitution from the employee of expenses, including attorney's fees and costs, incurred prior to the revocation." *Id.*

The Plaintiff respectfully suggests recusal and reassignment to another magistrate judge. *See, e.g.*, Order of Recusal and Reassignment, *Brick v. University of Michigan*, No. 2:24-cv-12090 (E.D. Mich. Aug. 14, 2024), ECF No. 5 ("Upon review of the record, having found cause for recusal, and pursuant to 28

U.S.C. § 455(a), the Clerk is hereby directed to reassign this matter by blind draw to another magistrate judge for further proceedings.”).

Dated: August 19, 2026

Respectfully submitted,

/s/ Nadja Yang

NADJA YANG, Plaintiff *pro se*

Assisted-by: Claude Fable 5 via Claude Code