**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| NADJA YANG,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATIONAL COMPUTER SYSTEMS, INC., DENISE TRUESDELL, TIMOTHY G. LYNCH, SEAN FRITZ, KATHLEEN CHAPMAN, and DOES 1-10,<br><br>Defendants. | ) | Case No.: 2:26-cv-12839<br><br>Hon. Susan K. DeClercq<br>Hon. Anthony P. Patti |

---

**DEFENDANT EDUCATIONAL COMPUTER SYSTEMS, INC.'S MOTION TO DISMISS**

---

NOW COMES Defendant, Educational Computer Systems, Inc. ("ECSI"), by and through its attorneys, and hereby submits its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). In support of its Motion, ECSI relies upon and incorporates by reference the attached Brief in Support. Pursuant to Local Rule 7.1(A)(1), as set forth in the Certification, defense counsel and Plaintiff Nadja Yang ("Plaintiff") met and conferred regarding the substance of this Motion, and, despite good faith efforts, were unable to reach a concurrence.

WHEREFORE, and for the reasons set forth in the accompanying Brief, Defendant Educational Computer Systems Inc. respectfully requests that this

Honorable Court GRANT its Motion to Dismiss Plaintiff's Complaint against it with prejudice, together with any additional relief deemed just and proper.

Dated this 13th day of October, 2026.

Respectfully submitted,

*s/Shawn J. Anderson*
Shawn J. Anderson

HUSCH BLACKWELL LLP
511 N. Broadway, Suite 1100
Milwaukee, WI 53202
T: 414.978.5354
Shawn.Anderson@huschblackwell.com

*Attorneys for Defendant Educational Computer Systems, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| NADJA YANG,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATIONAL COMPUTER SYSTEMS, INC., DENISE TRUESDELL, TIMOTHY G. LYNCH, SEAN FRITZ, KATHLEEN CHAPMAN, and DOES 1-10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 2:26-cv-12839<br><br>Hon. Susan K. DeClercq<br>Hon. Anthony P. Patti |

---

**BRIEF IN SUPPORT OF DEFENDANT EDUCATIONAL COMPUTER SYSTEMS, INC.'S MOTION TO DISMISS**

---

# TABLE OF CONTENTS


**Page**

STATEMENT OF ISSUES PRESENTED ........ ii

CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT ........ iii

INTRODUCTION ........ 1

ALLEGATIONS IN THE COMPLAINT ........ 2

ARGUMENT & AUTHORITIES ........ 4

I. Legal Standards on a Motion to Dismiss. ........ 4

II. Count I of the Complaint Fails to State a Claim Against ECSI. ........ 5

A. Plaintiff Fails to Adequately Allege ECSI Is a Debt Collector Within the Purview of the Fair Debt Collection Practices Act. ........ 5

B. Plaintiff Fails to Adequately Allege a Communication That Could Mislead a Least Sophisticated Consumer. ........ 6

III. Count IV Fails to State a Claim For Conspiracy Against ECSI Because Plaintiff Cannot State a Claim Against ECSI for Violation of 42 U.S.C. § 1983 ........ 11

IV. Plaintiff Fails to Plausibly Allege That She Has Suffered a Concrete Harm Sufficient to Demonstrate Her Article III Standing to Proceed. ........ 15

V. Dismissal With Prejudice Is Appropriate as to ECSI. ........ 16

CONCLUSION ........ 17

Exhibit A
Exhibit B
Exhibit C
Exhibit D

## STATEMENT OF ISSUES PRESENTED

**1. Whether Count I of the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to adequately allege that ECSI is a "debt collector" within the purview of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692f.**

**2. Whether Count I of the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to adequately allege any communication by ECSI that could mislead a least sophisticated consumer.**

**3. Whether Count IV of the Complaint should be dismissed against ECSI pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim for a conspiracy as to 42 U.S.C. § 1983.**

**4. Whether the Complaint should be dismissed against ECSI, in its entirety, because Plaintiff does not have Article III standing to bring her claims against ECSI.**

Plaintiff will answer "No."
ECSI will answer "Yes."

## CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT

Page(s)

Cases

*Admiral Ins. Co. v. Columbia Cas. Ins. Co.*,
194 Mich. App. 300, 486 N.W.2d 351 (1992) ....................11

*Anderson v. Ray Klein, Inc.*,
No. 18-11389, 2019 WL 1568399 (E.D. Mich. Apr. 10, 2019)....................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4

*Barany-Snyder v. Weiner*,
539 F.3d 327 (6th Cir. 2008) ....................7

*Barany-Snyder v. Weiner*,
No. 1:06-CV-2111, 2007 WL 210411 (N.D. Ohio Jan. 24, 2007),
aff'd, 539 F.3d 327 (6th Cir. 2008) ....................10

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
528 F.3d 426 (6th Cir. 2008) ....................3, 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................4

*Boxill v. O'Grady*,
935 F.3d 510 (6th Cir. 2019) ....................6

*Buchholz v. Meyer Njus Tanick, PA*,
946 F.3d 855 (6th Cir. 2020) ....................16

*Campbell v. Navient Corp.*,
No. 18-1625-RGA, 2019 WL 3802654 (D. Del. Aug, 13, 2019) ....................13

*Dakota Girls, LLC v. Philadelphia Indemnity Ins. Co.*,
17 F.4th 645 (6th Cir. 2021) ....................4

*Davis v. MRS BPO, LLC*,
No. 15 C 2303, 2015 WL 4326900 (N.D. Ill. July 15, 2015) ....................9

*DeCraene v. Weber & Olcese, P.L.C.*,
300 F. Supp. 3d 978 (W.D. Mich. 2018)....................9

*Detroit Will Breathe v. City of Detroit*,
524 F. Supp. 3d 704 (E.D. Mich. 2021) ....................11

*George W. v. U.S. Dep't of Ed.*,
149 F. Supp. 2d 1195 (E.D. Cal. 2000) .......................................................13

*Gionis v. Javitch, Block & Rathbone*,
405 F. Supp. 2d 856 (S.D. Ohio 2005) ...................................................7, 10

*Hagy v. Demers & Adams*,
882 F.3d 616 (6th Cir. 2018) .........................................................................5

*Holly v. Scott*,
434 F.3d 287 (4th Cir. 2006) .......................................................................13

*Hrivnak v. NCO Portfolio Mgmt.*,
994 F. Supp. 2d 889 (N.D. Ohio 2014) .......................................................10

*Johnson v. Sallie Mae Servicing, L.P.*,
2007 WL 9734801, aff'd 258 F. App'x 567 (4th Cir. 2007)........................13

*Kaniewski v. Nat'l Action Fin. Servs.*,
678 F. Supp. 2d 541 (E.D. Mich. 2009) ....................................................7, 8

*Kennedy v. Bank One Corp.*,
No. CIV.A.02-71541-DT, 2002 WL 31008340 (E.D. Mich. Aug. 15, 2002) .....................................................................................................12

*Kistner v. L. Offs. Of Michael P. Margelefsky, LLC*,
518 F.3d 433 .................................................................................................5

*Marinkovic v*. Osborne,
No. 19-CV-1150-PB, 2020 WL 2542894 (D.N.H. Apr. 23, 2020), *report and recommendation adopte*d, No. 19-CV-1150-PB, 2020 WL 7237270 (D.N.H. Nov. 4, 2020) ..................................................................13

*Maxberry v. Provident Bank*,
826 F.2d 1064 (Table) (No. 87–3021) (6th Cir. 1987).................................12

*Miller v. Javitch, Block & Rathbone*,
561 F.3d 588 (6th Cir.2009) .........................................................................10

*Mixon v. Bank of* Am., N.A.,
No. 1:25-CV-1552, 2026 WL 1836217 (W.D. Mich. June 2, 2026), *report and recommendation adopte*d, No. 1:25-CV-1552, 2026 WL 1834320 (W.D. Mich. June 25, 2026) ........................................................12

*Montgomery v. Huntington Bank*,
346 F.3d 693 (6th Cir. 2003) .........................................................................6

*Moxley v. Pfundstein*,
801 F. Supp. 2d 598 (N.D. Ohio 2011) .....................................................7, 9

*Papasan v. Allain*,
478 U.S. 265 (1986)....................................................................................4

*Prudential Def. Sols., Inc. v. Graham*,
No. 20-11785, 2020 WL 6382862 (E.D. Mich. Oct. 30, 2020) ....................11

*Redding v. St. Eward*,
241 F.3d 530 (6th Cir. 2001) .......................................................................12

*Spokeo v. Robins*,
136 S. Ct. 1540 (2016)...........................................................................5, 15

*Stewart v. IHT Ins. Agency Grp., LLC*,
990 F.3d 455 (6th Cir. 2021) .......................................................................16

*Thole v. U.S. Bank N.A.*,
140 S. Ct. 1615 (2020)......................................................................... 15, 16

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)......................................................................................5

*Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*,
9 F.4th 357 (6th Cir. 2021) ..........................................................................15

*Ward v. NPAS, Inc.*,
63 F.4th 576 (6th Cir. 2023) ...................................................................5, 15

*Wershe v. City of Detroit, Michigan*,
112 F.4th 357 (6th Cir. 2024) ......................................................................16

*West v. Atkins*,
487 U.S. 42, 108 S. Ct. 2250 (1988) ..................................................... 12, 13

Statutes

15 U.S.C. § 1692 ..................................................................................... 1, 5, 6

42 U.S.C. § 1983 ............................................................ 1, 2, 11, 12, 13, 15, 16

Rules

Fed. R. Civ. P. 12(b)(1).............................................................................2, 4

Fed. R. Civ. P. 12(b)(6)...............................................................................4

## INTRODUCTION

Plaintiff Nadja Yang ("Plaintiff") raises a litany of complaints about her unpaid tuition at the University of Michigan ("University") and the impact her bankruptcy proceeding *may* have on her obligation to pay it. However, Plaintiff does not contest that the unpaid tuition account belongs to her or that she owes the University an outstanding balance. (*See* ECF No. 1, Page ID.2, 6-10, ¶¶ 2, 16-29). Instead, Plaintiff appears to have thoroughly researched the University's website, ECSI's website, and ECSI's billing statements and claims that snippets of these web pages and billing statements, when cobbled together, *could* mislead *someone* into thinking Plaintiff's tuition payments *may* not be dischargeable through bankruptcy. (ECF No. 1, PageID.2, 6-7, ¶¶ 2, 14, 15, 16, 19, 20, 21). Plaintiff repeatedly contends that her unpaid tuition does not qualify as a student loan and, therefore, should be dischargeable in her bankruptcy. (ECF No. 1, Page ID.2, 6-7, ¶¶ 2, 18, 21).

Based on these allegations, Plaintiff contends that ECSI has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and conspired with the University and other defendants to violate 42 U.S.C. § 1983 ("Section 1983"). As discussed more fully herein, Plaintiff's own allegations and the billing statements referenced in her Complaint belie her claim under the FDCPA and confirm ECSI is not a "debt collector" and the billing statements could not mislead the least sophisticated consumer. Plaintiff's claim for conspiracy also fails to state a claim

against ECSI because Plaintiff does not and cannot plead a violation of Section 1983. Finally, Plaintiff has failed to plead injury in fact to confer Article III standing as to her claims against ECSI.

For these reasons, and as described more fully herein, Plaintiff's Complaint should be dismissed against ECSI with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## **ALLEGATIONS IN THE COMPLAINT**

According to the Complaint, Plaintiff is a student at the University of Michigan ("University") with "an unpaid institutional account receivable for tuition and fees charged to her student account for the Winter 2026 term." (ECF No. 1, PageID.6, ¶ 18). Plaintiff repeatedly contends that her tuition with the University is premised on an account receivable, not student loans. (*See* ECF No. 1, PageID.2, 6-7, ¶¶ 2, 18, 21). According to the Complaint, Plaintiff had various communications with officials at the University regarding her tuition and complains that the University's Student Financial Services office sent Plaintiff an automatic message that her Winter 2026 tuition was "past due" and, as a result, Plaintiff was "not able to register" for classes in the following semester. (ECF No. 1, PageID.7-8, ¶ 22). Plaintiff also makes various complaints about the University's internal department name "Student Loan Collections," how the University characterizes various financial aid options on the University website, and the existence of a Frequently

Asked Question on the University's website that allegedly states student loans are "almost never" dischargeable in bankruptcy. (ECF No. 1, PageID.6-7, ¶¶ 14, 15, 19).

Plaintiff alleges that ECSI is the "servicer" for the University and that the "University routes billing" for student accounts to ECSI. (ECF No. 1, PageID.6-7, ¶¶ 16, 20). Plaintiff contends that "ECSI's homepage…labels all student users 'Students and Borrowers'" and that ECSI's "authenticated portal home page…categorizes all accounts under the tile 'Student Loans & Receivables.'" (ECF No. 1, PageID.6-7, ¶¶ 16, 20). Plaintiff contends that her billing statements state: "Based on the terms of the promissory note you signed, you have agreed to make payments on this account" and "This account is not a loan. This balance is for unpaid institutional expenses charged by your school." (ECF No. 1, PageID.7, ¶ 20). Plaintiff does not attach any billing statements to the Complaint.[1] Plaintiff contends that the University's department name, the University's website, the University's FAQ about bankruptcy, ECSI's website, and ECSI's billing statements, coupled together, "convey that the balance is a student loan, evidenced by a signed instrument, that cannot be discharged in bankruptcy," when Plaintiff insists that she does not have student loans. (ECF No. 1, PageID.7, ¶ 21).

---

[1] ECSI attaches Plaintiff's billing statements as Exhibit A to this Motion to Dismiss. The Court may review and consider these documents without converting the Motion to Dismiss into a Motion for Summary Judgment because Plaintiff expressly references the billing statements in the Complaint, and they are integral to Plaintiff's claims. *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008).

For the reasons set forth herein, none of the factual allegations raised by Plaintiff state a plausible claim against ECSI or plead sufficient cognizable harm to confer Article III standing. As a result, the Complaint should be dismissed, in its entirety, against ECSI.

**ARGUMENT & AUTHORITIES**

**I. Legal Standards on a Motion to Dismiss.**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The Court must "disregard bare legal conclusions and 'naked assertions'" when determining whether a complaint survives a motion to dismiss. *Dakota Girls, LLC v. Philadelphia Indemnity Ins. Co.,* 17 F.4th 645, 648 (6th Cir. 2021) (quoting *id.*). "Threadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as factual allegations" do not suffice. *Ashcroft,* 556 U.S. at 678; *Papasan v. Allain,* 478 U.S. 265, 285 (1986). The Court may consider exhibits attached to a motion to dismiss without converting the Rule 12(b)(6) motion into a motion for summary judgment, "so long as [the exhibits] are referred to in the Complaint and are integral to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008).

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if the plaintiff

fails to demonstrate they have suffered "concrete harm" sufficient to confer Article III standing. *TransUnion LLC v. Ramirez,* 594 U.S. 413, 428 (2021). Indeed, "under Article III, an injury in law is not an injury in fact." *Id.* at 427. For this reason, allegations of "a bare procedural violation" do not suffice. *Hagy v. Demers & Adams,* 882 F.3d 616, 621 (6th Cir. 2018) (quoting *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1550 (2016)).

For the reasons set forth here, the Complaint fails to state a claim for relief against ECSI and should be dismissed with prejudice.

## II. Count I of the Complaint Fails to State a Claim Against ECSI.

### A. Plaintiff Fails to Adequately Allege ECSI Is a Debt Collector Within the Purview of the Fair Debt Collection Practices Act.

Plaintiff asserts Count I against ECSI for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), but Plaintiff fails to plead plausible facts that ECSI constitutes a "debt collector" within the meaning of the FDCPA. (*See* ECF No. 1, PageID.14, ¶ 43). To state a claim for violation of the FDCPA, a plaintiff must plead sufficient facts that a defendant is a "debt collector," but "not all who collect debts are 'debt collectors' for purposes of the FDCPA." *Ward v. NPAS, Inc.,* 63 F.4th 576, 582–83 (6th Cir. 2023) (quoting *Kistner v. L. Offs. Of Michael P. Margelefsky, LLC,* 518 F.3d 433, 43536 (6th Cir. 2008) (alteration adopted)). The FDCPA specifically excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent

such activity…(iii) concerns a debt which was not in default at the time it was obtained by such person" from the definition of "debt collector." 15 U.S.C. § 1692a(6)(F); *Montgomery v. Huntington Bank,* 346 F.3d 693, 698 (6th Cir. 2003).

Here, Plaintiff asserts that ECSI "is a debt collector" and that "Plaintiff's account was in default when [ECSI] obtained it," but these "threadbare recitations of the elements of a cause of action" do not suffice to state a claim under the FDCPA. *Boxill v. O'Grady,* 935 F.3d 510, 517 (6th Cir. 2019). Furthermore, Plaintiff's billing statement from ECSI directly contradicts Plaintiff's conclusory allegations. (ECF No. 1, PageID.14, ¶ 43). Specifically, Plaintiff's billing statement with ECSI dated March 10, 2026, shows a "current amount due" of $18,325.58 with a "past due amount" of $0.00. Ex. A, p. 1. Thus, even though ECSI may have continued to send Plaintiff billing statements after she failed to pay the amounts due to the University, ECSI does not constitute a "debt collector" under the FDCPA in this case because her student account "was not in default at the time it was obtained by" ECSI. 15 U.S.C. § 1692a(6)(F). For this reason, Plaintiff fails to state a claim against ECSI under the FDCPA, and Count I should be dismissed accordingly.

**B. Plaintiff Fails to Adequately Allege a Communication That Could Mislead a Least Sophisticated Consumer.**

Even if the Complaint adequately alleged that ECSI is a debt collector within the purview of the FDCPA (it does not), the Complaint is subject to dismissal

because Plaintiff fails to allege any communication by ECSI that could mislead a least sophisticated consumer.

To state a claim for violation of the FDCPA, Plaintiff must plead facts that could plausibly show that ECSI engaged in "abusive, deceptive, [or] unfair debt collection practices." *Kaniewski v. Nat'l Action Fin. Servs.*, 678 F. Supp. 2d 541, 546 (E.D. Mich. 2009) (quoting *Barany-Snyder v. Weiner,* 539 F.3d 327, 333 (6th Cir. 2008)). "The Sixth Circuit has adopted the 'least sophisticated consumer' standard, which is an objective test, when assessing whether a defendant made a misrepresentation in violation of the FDCPA." *Kaniewski*, 678 F. Supp. 2d at 546. A billing statement may be considered "deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Anderson v. Ray Klein, Inc.*, No. 18-11389, 2019 WL 1568399, at *2 (E.D. Mich. Apr. 10, 2019) (citation omitted). "In determining what a reasonable reading of a notice would be for the least sophisticated consumer, courts should give the debt collection notice 'a common-sense appraisal.'" *Anderson*, 2019 WL 1568399, at *2. Indeed, the least sophisticated consumer standard "presumes that a consumer possesses a rudimentary amount of information about the world and is willing to read a collection notice with some care." *Moxley v. Pfundstein,* 801 F. Supp. 2d 598, 603 (N.D. Ohio 2011) (quoting *Gionis v. Javitch, Block & Rathbone,* 405 F. Supp. 2d 856, 864 (S.D. Ohio 2005) (internal quotations omitted)). Thus, the standard "prevents liability for

bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Kaniewski*, 678 F. Supp. 2d at 546.

Here, Plaintiff contends that her billing statements are misleading because one sentence states that "[b]ased on the terms of the promissory note you signed, you have agreed to make payments on this account." (ECF No. 1, PageID.7, ¶ 20). However, the paragraph immediately preceding this text states "[t]he information in this section may or may not apply to all of your student account(s). Please see the Accounts on this Statement to view which notes apply to each account." Ex. B-D, p. 2. This entire section of text is emphasized by a gray box that provides in bold, capitalized font "IMPORTANT INFORMATION ABOUT YOUR STUDENT ACCOUNT(S)." Ex. B-D, p. 2. Furthermore, the next page of Plaintiff's billing statement includes the heading "ACCOUNTS ON THIS STATEMENT" in large, capitalized letters. Ex. B-D, p. 3. Each of Plaintiff's accounts with the University is identified as a "Student Account." Ex. B-D, p. 3. As Plaintiff admits in the Complaint, each section that denotes Plaintiff's student accounts contains an additional note that states "This account is not a loan. This balance is for unpaid institutional expenses charged by your school." (ECF No. 1, PageID.7, ¶ 20). Ex. B-D, p. 3.

Plaintiff cannot state a claim under the FDCPA by cherry picking one sentence, and ignoring everything else, in her billing statements. The least sophisticated consumer "is willing to read a collection notice with some care," and multiple sections of Plaintiff's billing statements show that Plaintiff's accounts with the University are "student accounts," not student loans. *Moxley,* 801 F. Supp. 2d at 603. The sections are emphasized through large, capitalized, bolded text and/or a gray box to draw the reader's attention to it. Ex. B-D, pp. 2-3. Furthermore, the least sophisticated user also "possesses a rudimentary amount of information about the world," such as whether an individual signed a promissory note and took out student loans. *Moxley,* 801 F. Supp. 2d at 603. Plaintiff repeatedly contends that she does not have student loans, and she does not contend that her student account is falsely attributed to her or that she is otherwise not responsible for the outstanding amount. (*See* ECF No. 1, PageID.2, 14, 27, ¶¶ 2, 8, 21).

Plaintiff's argument that snippets of Plaintiff's billing statements, the ECSI website, and the University website, when viewed together, "convey that the balance is a student loan" is also unavailing. The Western District of Michigan, as well as a district court in Louisiana, have rejected "attempts to add a research element into the sophisticated consumer calculus" on a motion to dismiss a FDCPA claim. *DeCraene v. Weber & Olcese, P.L.C.*, 300 F. Supp. 3d 978, 982 (W.D. Mich. 2018); *Davis v. MRS BPO, LLC*, No. 15 C 2303, 2015 WL 4326900, at *3 (N.D. Ill. July 15, 2015)

("Plaintiff's attempt to add a research element into the unsophisticated consumer calculus [is] unsupported by any legal authority"). Plaintiff's contention that her research revealed misleading information has no merit.

Furthermore, Plaintiff admits that "the [University] department's name, the portal's tiles, the [billing] statement's assertions, and the published answer on dischargeability [on the University's website] were all in place before [Plaintiff's] account was transferred…A practice already standing when its object arrives is not a judgment about that debtor. It is what the debtor encounters." (ECF No. 1, PageID.23, ¶ 83). Again, the least sophisticated consumer standard "presumes that a consumer possesses a rudimentary amount of information about the world," and the least sophisticated consumer would recognize that a publicly available website, and even a "portal" for an individual student account, may include webpages or "tiles" that are not relevant to a particular individual. *Barany-Snyder v. Weiner*, No. 1:06-CV-2111, 2007 WL 210411, at *5 (N.D. Ohio Jan. 24, 2007), *aff'd,* 539 F.3d 327 (6th Cir. 2008) (quoting *Gionis v. Javitch, Block & Rathbone,* 405 F.Supp.2d 856, 864 (S.D. Ohio 2005)). "The Sixth Circuit has stated that federal courts should 'not countenance lawsuits based on frivolous misinterpretations or nonsensical interpretations of being led astray." *Hrivnak v. NCO Portfolio Mgmt.*, 994 F. Supp. 2d 889, 900 (N.D. Ohio 2014) (quoting *Miller v. Javitch, Block & Rathbone,* 561

F.3d 588, 592–96 (6th Cir.2009)). Such is the case here, and the Complaint should be dismissed against ECSI accordingly.

### III. Count IV Fails to State a Claim For Conspiracy Against ECSI Because Plaintiff Cannot State a Claim Against ECSI for Violation of 42 U.S.C. § 1983.

Count IV alleges that the allegations raised in the Complaint constitute a conspiracy by Defendants to violate 42 U.S.C. § 1983. For the reasons stated here, Plaintiff fails to state a claim, and Count IV should be dismissed in its entirety against ECSI as a result.

“Under Michigan Law, a civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means.” *Detroit Will Breathe v. City of Detroit*, 524 F. Supp. 3d 704, 709 (E.D. Mich. 2021) (quoting *Admiral Ins. Co. v. Columbia Cas. Ins. Co.*, 194 Mich. App. 300, 486 N.W.2d 351 (1992) (alteration adopted). “Civil conspiracy is not a claim of its own; it is necessary to prove a separate, actionable tort.” *Prudential Def. Sols., Inc. v. Graham*, No. 20-11785, 2020 WL 6382862, at *9 (E.D. Mich. Oct. 30, 2020) (citation omitted). “[A] conspiracy claim is only actionable if the underlying conduct the defendants are accused of is also actionable.” *Detroit Will Breathe,* 524 F. Supp. 3d at 710.

Here, Plaintiff’s conspiracy claim fails because Plaintiff cannot state a claim against ECSI for violation of 42 U.S.C. § 1983 (“Section 1983”). *Detroit Will*

*Breathe,* 524 F. Supp. 3d at 710; *Prudential*, 2020 WL 6382862, at *9. To state a claim under Section 1983, "a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law." *Kennedy v. Bank One Corp.*, No. CIV.A.02-71541-DT, 2002 WL 31008340, at *1 (E.D. Mich. Aug. 15, 2002). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Kennedy*, 2002 WL 31008340, at *1 (quoting *Redding v. St. Eward,* 241 F.3d 530, 532 (6th Cir. 2001)). "In order to act under the color of state law, a defendant in a § 1983 action must have exercised the power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Kennedy*, 2002 WL 31008340, at *1 (quoting *West v. Atkins,* 487 U.S. 42, 108 S. Ct. 2250, 2255 (1988)). Privately-owned financial and business institutions, including servicers like ECSI, do not act "under color of state law." *See, e.g.*, *Maxberry v. Provident Bank,* 826 F.2d 1064 (Table) (No. 87–3021) (6th Cir. 1987) ("Likewise, defendants cannot be said to have been acting under the color of state law as they are all private citizens or privately-owned financial and business institutions."); *Mixon v. Bank of Am., N.A.*, No. 1:25-CV-1552, 2026 WL 1836217, at *8 (W.D. Mich. June 2, 2026), *report and recommendation adopted,* No. 1:25-CV-1552, 2026 WL 1834320 (W.D. Mich. June 25, 2026) ("Defendants—a bank, a law firm and one of its attorneys, and a mortgage

servicer—are private parties, not state actors."). Indeed, "courts have consistently rejected claims that private entities and individuals involved in the student loan process are government actors." *Marinkovic v. Osborne*, No. 19-CV-1150-PB, 2020 WL 2542894, at *2 (D.N.H. Apr. 23, 2020), *report and recommendation adopted,* No. 19-CV-1150-PB, 2020 WL 7237270 (D.N.H. Nov. 4, 2020) (collecting cases); *see, e.g.*, *Johnson v. Sallie Mae Servicing, L.P.*, 2007 WL 9734801, *aff'd* 258 F. App'x 567 (4th Cir. 2007) ("In addition, as an employee of Sallie Mae, a private company, [an individual defendant] is not an agent of the federal government, and thus, a *Bivens* action cannot be maintained against her."); *Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006) (declining to extend *Bivens* liability to employee of private corporation in which the federal government had no stake other than a contractual relationship); *Campbell v. Navient Corp.*, No. 18-1625-RGA, 2019 WL 3802654, at *5 (D. Del. Aug. 13, 2019) (dismissing constitutional claims against loan servicer due to lack of state action); *George W. v. U.S. Dep't of Ed.*, 149 F. Supp. 2d 1195 (E.D. Cal. 2000) (finding that private Texas Guaranteed Student Loan Corp. was not a state actor).

Here, Plaintiff fails to plead facts to support either of the elements to state a claim under Section 1983. First, Plaintiff fails to identify any "right, privilege or immunity secured by the Federal Constitution or laws of the United States" that was purportedly violated by ECSI. (*See* ECF No. 1, PageID.22-25, ¶¶ 78-90). Second,

Plaintiff pleads no plausible facts that ECSI constitutes "a person acting under color of state law." *West,* 487 U.S. at 48. In fact, Plaintiff's allegations against ECSI reach the opposite conclusion. For example, Plaintiff contends that ECSI is a "third-party servicer" that "bills and presents the University's institutional receivables to its students." (ECF No. 1, PageID.24-25, ¶ 87). Plaintiff also alleges that ECSI "is a separate corporation, separately owned" apart from the University. (ECF No. 1, PageID.25, ¶ 88). Plaintiff correctly alleges that ECSI is a private entity that services student loans and student accounts receivables on behalf of its clients, including the University. (ECF No. 1, PageID.15, 25, ¶¶ 47, 88). Plaintiff's mere contention that "a private party who is a willful participation in joint action with state officials acts under of state law" mischaracterizes the law and does not allege that ECSI took any actions "under color of state law" with respect to Plaintiff. (ECF No. 1, PageID.25, ¶ 88). Finally, Plaintiff's characterization that ECSI's public webpage and billing statements are part of a "whole apparatus" that could possibly "accomplish a criminal or unlawful purpose" to violate Plaintiff's civil rights is nonsensical. (ECF No. 1, PageID.23, ¶ 81).

For these reasons, Plaintiff fails to state a claim for conspiracy as to ECSI. Count IV, and the Complaint in its entirety, should be dismissed accordingly.

## IV. Plaintiff Fails to Plausibly Allege That She Has Suffered a Concrete Harm Sufficient to Demonstrate Her Article III Standing to Proceed.

The Complaint should also be dismissed, in its entirety, because Plaintiff has not and cannot plead that she suffered concrete injury attributable to ECSI in order to confer Article III standing.

Plaintiff bears the burden to clearly plead facts demonstrating each element of standing, including that plaintiff "suffered an injury in fact that [was] concrete, particularized, and actual or imminent," that her "injury was caused by" the defendant, and "that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.,* 140 S.Ct. 1615, 1618 (2020). "Injury in fact is a constitutional requirement, and it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo v. Robins,* 136 S. Ct. 1540, 1547–48 (2016) (internal quotations and alterations omitted). Indeed, a plaintiff "does not automatically have standing simply because Congress authorizes a plaintiff to sue a debt collector for failing to comply with the FDCPA." *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 361 (6th Cir. 2021). Thus, a plaintiff must "show either that the procedural harm itself is a concrete injury of the sort traditionally recognized or that the procedural violations caused an independent concrete injury." *Ward v. NPAS, Inc.,* 63 F.4th 576, 580 (6th Cir. 2023).

Here, the Complaint fails to meet this threshold showing with respect to ECSI.

Plaintiff fails to allege any harm arising from ECSI's alleged actions with respect to the billing statements or website. As previously discussed, Plaintiff's claims against ECSI under the FDCPA, 42 U.S.C. § 1983, and for conspiracy hold no water, but even if they did, the Complaint is completely devoid of allegations that Plaintiff has suffered any harm as a result of ECSI's alleged conduct, let alone the "concrete, particularized, and actual or imminent" injury that is required to establish Article III standing. *Thole,* 140 S. Ct. at1618. Indeed, Plaintiff merely contends that she is entitled to "actual damages" for each cause of action against ECSI, but Plaintiff never alleges that she has actual damages and, if so, what harm or injury Plaintiff has suffered. (ECF No. 1, ¶¶ 54, 66, 89, 107). Thus, Plaintiff "has failed to allege a concrete injury in fact fairly traceable to [ECSI's] challenged conduct." *Buchholz v. Meyer Njus Tanick, PA,* 946 F.3d 855, 870 (6th Cir. 2020). As a result, Plaintiff lacks standing to bring her FDCPA and conspiracy claims against ECSI, and the Court "lack[s] subject matter jurisdiction to consider it." *Id.* As a result, the Complaint should be dismissed, in its entirety, against ECSI.

## V. Dismissal With Prejudice Is Appropriate as to ECSI.

Plaintiff's Complaint should be dismissed with prejudice as to ECSI. "Dismissal with prejudice is appropriate when 'the complaint could not be saved by an amendment.'" *Wershe v. City of Detroit, Michigan,* 112 F.4th 357, 372 (6th Cir. 2024) (quoting *Stewart v. IHT Ins. Agency Grp., LLC,* 990 F.3d 455, 457 n.1 (6th

Cir. 2021)). Here, amendment of the Complaint would be futile because Plaintiff's billing statements, which Plaintiff relies upon in the Complaint, make plain that ECSI is not a "debt collector" within the purview of the FDCPA, and Plaintiff's allegations as to ECSI with respect to conspiracy and Section 1983 are nonsensical. Furthermore, Plaintiff lacks Article III standing to bring her claims because Plaintiff has suffered no concrete injury as a result of ECSI's alleged actions or inactions. For these reasons, ECSI respectfully requests the Court dismiss the Complaint against ECSI with prejudice.

**CONCLUSION**

For the foregoing reasons, Defendant Educational Computer Systems, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, as to ECSI.

Dated this 13th day of October, 2026.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

*s/ Shawn J. Anderson*
Shawn J. Anderson

HUSCH BLACKWELL LLP
511 N. Broadway, Suite 1100
Milwaukee, WI 53202
T: 414.978.5354
Shawn.Anderson@huschblackwell.com
*Attorneys for Defendant Educational Computer Systems, Inc.*

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(1)**

Pursuant to Local Rule 7.1(A)(1), counsel for ECSI met and conferred in good faith with self-represented Plaintiff and explained the nature of the Motion and its legal basis and did not obtain concurrence in the relief sought.

Dated this 13th day of October, 2026

*s/ Shawn J. Anderson*
Shawn J. Anderson