Nadja Yang
200 E Liberty St Lbby Unit 7760
Ann Arbor MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
Plaintiff *pro se*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

Southern Division

NADJA YANG,

*Plaintiff,*

v.

EDUCATIONAL COMPUTER SYSTEMS, INC., *et al.*,

*Defendants.*

Case No. 2:26-cv-12839-SKD-KGA

Hon. Susan K. DeClercq

Mag. Judge Kimberly G. Altman

# PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO THE MOTION TO DISMISS (ECF NO. 13)

Fed. R. Civ. P. 6(b)(1)(A)

E.D. Mich. LR 7.1

Plaintiff Nadja Yang moves under Fed. R. Civ. P. 6(b)(1)(A) for an order enlarging her time to respond to the Motion to Dismiss of Defendants Denise Truesdell, Timothy G. Lynch, Sean Fritz, and Kathleen Chapman (the "Individual Defendants"), ECF No. 13, through and including November 13, 2026, the day on which her response to the Motion to Dismiss of Defendant Educational Computer Systems, Inc. ("ECSI"), ECF No. 16, is due. ECF No. 18.

## 1 The request is timely

The Court ordered a response to ECF No. 13 by October 12, 2026, ECF No. 15, and, on stipulation, extended the time "up to and including November 3, 2026." ECF No. 17, at 4. The Court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). This motion is filed on November 3, 2026, before the extension expires "at midnight in the court's time zone." Fed. R. Civ. P. 6(a)(4)(A). The request is made before the extension expires, and the showing required is good cause. *Cf.* Fed. R. Civ. P. 6(b)(1)(B).

## 2 Good cause

"The Court has ordered the Plaintiff 'to show cause as to why this case should not be dismissed for lack of personal jurisdiction and/or improper venue, or at the very least why this case should not be transferred to the Eastern District of Michigan pursuant to § 1404(a).'" Pl.'s Resp. to Order to Show Cause at 2, *Chi v. Regents of the University of Michigan*, No. 3:26-cv-11021-EMC (N.D. Cal. Nov. 3, 2026), ECF No. 15 (quoting Order to Show Cause at 2, *Chi*, No. 3:26-cv-11021-EMC (N.D. Cal. Oct. 27, 2026), ECF No. 14). "The order states that, '[b]ased on the allegations in Ms. Yang's complaint, there does not appear to be personal jurisdiction over the University with respect to its denial of Ms. Yang's Michigan FOIA request,'" *id.* (quoting *Chi*, ECF No. 14, at 1), and "'Similarly, venue is a problem.'" *Id.* (quoting *Chi*, ECF No. 14, at 2). "'The nexus of this case to this District (as opposed to, e.g., the Eastern District of Michigan) is minimal.'" *Id.* at 10 (quoting *Chi*, ECF No. 14, at 2). The order "concludes that '[v]enue would appear to

apply to the district in which the University of Michigan is located, not the Northern District of California.'" *Id.* at 17 (quoting *Chi*, ECF No. 14, at 2). "Ms. Yang's response to this order to show cause shall be filed by November 5, 2026." *Chi*, ECF No. 14, at 2. "Response to Order to Show Cause [14] Order to Show Cause, on personal jurisdiction, venue, and transfer under 28 U.S.C. § 1404(a), by Nadja Yang." *Chi*, ECF No. 15 (docket text) (filed Nov. 3, 2026); *see also id.*, ECF No. 15-1 ("Michigan Flyer trip summary, Ticket No. 260616953006, DTW McNamara Terminal to Liberty Square Garage, June 16, 2026").

The order issued the day after the Plaintiff moved in that action for a preliminary injunction. Pl.'s Notice of Mot. & Mot. for Prelim. Inj. at 4, *Chi*, No. 3:26-cv-11021-EMC (N.D. Cal. Oct. 26, 2026), ECF No. 12 ("Plaintiff Chi, also known as kai and as Nadja Yang, 'is a natural person.'" (footnote omitted) (quoting Compl. ¶ 4, at 3, *Chi*, ECF No. 1)); *id.* at 4 n.1 (citing kai, *Resolvable 4-GDDs of type* $2^u$ *exist for all* $u \equiv 4 \pmod 6$ *except 4 and 10*, Zenodo (Oct. 25, 2026) (first amended version), https://doi.org/10.5281/zenodo.23578875, as "constructing 4-RGDDs of type $2^u$ for the nine possible exceptions $u \in \{46, 70, 82, 94, 100, 118, 130, 202, 214\}$ of Wei and Ge (2017) and Miller, Valkov, and Abel (2026), so that a 4-RGDD of type $2^u$ exists if and only if $u \equiv 4 \pmod 6$ and $u \notin \{4, 10\}$"); *see also* Pl.'s Resp. to Order to Show Cause, *supra*, at 32 n.12 (citing the second amended manuscript, Zenodo (Oct. 30, 2026), https://doi.org/10.5281/zenodo.23780513, "at 1, giving the author's affiliations as 'Department of Mathematics, University of Michigan, Ann Arbor, MI, USA' and 'Student Division, The Federalist Society for Law and Public Policy Studies, Washington, DC, USA'"). The motion was docketed with "Responses due by 11/9/2026. Replies due by 11/16/2026," *Chi*, ECF No. 12 (docket text), and the hearing was "reset from 12/3/2026, at 1:30 PM to 12/3/2026, at 10:30 AM in San Francisco." *Chi*, ECF No. 13 (docket text). "A preliminary injunction issues to a plaintiff who shows 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Chi*, ECF No. 12, at 5 (quoting *Winter*

*v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "'The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Id.* at 13 (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)). "The Ninth Circuit applies the sentence as written." *Id.* "'[A] party seeking preliminary injunctive relief in a First Amendment context can establish irreparable injury sufficient to merit the grant of relief by demonstrating the existence of a colorable First Amendment claim.'" *Id.* (quoting *Sammartano v. First Judicial District Court*, 303 F.3d 959, 973 (9th Cir. 2002)). "A plaintiff who is likely to prevail on a constitutional claim 'will almost always demonstrate he is suffering irreparable harm as well,' and the harm is irreparable 'no matter how brief the violation.'" *Id.* at 14 (quoting *Baird v. Bonta*, No. 23-15016, slip op. at 7, 10 (9th Cir. Sept. 7, 2023)).

"No scheduling order has been entered." ECF No. 17, at 3, ¶ 4. The Individual Defendants had "NO OBJECTION AS TO RELIEF REQUESTED" to the last extension, *id.* at 3, which was set so that there would be "[o]ne response date for both motions," *id.* at 2, ¶ 3, and ECSI's time to respond to the Complaint was extended by stipulation. ECF No. 10. The Court has since set November 13, 2026 for the response to ECSI's motion. ECF No. 18.

## 3 Concurrence

Concurrence has not been sought. This motion is filed on the evening of November 3, 2026, and the time to respond to ECF No. 13 expires at midnight. Fed. R. Civ. P. 6(a)(4)(A); E.D. Mich. LR 7.1(a)(2).

## 4 Conclusion

The Court should enter the proposed order, giving the Plaintiff up to and including November 13, 2026 to respond, move, or otherwise plead in response to ECF No. 13.

Dated: November 3, 2026

Respectfully submitted,

/s/ Nadja Yang

Nadja Yang, Plaintiff *pro se*

Assisted-by: Claude Fable 5.1 via Claude Code

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| NADJA YANG,<br>*Plaintiff*,<br>v.<br>EDUCATIONAL COMPUTER SYSTEMS, INC., *et al.*,<br>*Defendants*. | Case No. 2:26-cv-12839-SKD-KGA<br>Hon. Susan K. DeClercq<br>Mag. Judge Kimberly G. Altman<br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO THE MOTION TO DISMISS (ECF NO. 13)**<br>Fed. R. Civ. P. 6(b)(1)(A) |

Plaintiff Nadja Yang, also known as Chi and as kai, *see* kai, *Resolvable 4-GDDs of type $2^u$ exist for all $u \equiv 4$ (mod 6) except 4 and 10*, Zenodo (Oct. 30, 2026) (second amended manuscript), https://doi.org/10.5281/zenodo.23780513, has moved under Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure for an enlargement of the time within which she may respond to the Motion to Dismiss of Defendants Denise Truesdell, Timothy G. Lynch, Sean Fritz, and Kathleen Chapman (ECF No. 13). The request was made on November 3, 2026, before the time as extended by the stipulated order of October 14, 2026 (ECF No. 17) expired, and good cause appearing,

IT IS ORDERED that Plaintiff shall have up to and including November 13, 2026, to respond, move, or otherwise plead in response to the Motion to Dismiss (ECF No. 13).

IT IS SO ORDERED.

Dated: ______________________

______________________________
Kimberly G. Altman
United States Magistrate Judge