Nadja Yang
200 E Liberty St Lbby Unit 7760
Ann Arbor MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
Plaintiff *pro se*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

Southern Division

NADJA YANG,

*Plaintiff,*

v.

EDUCATIONAL COMPUTER SYSTEMS, INC., *et al.*,

*Defendants.*

Case No. 2:26-cv-12839-SKD-KGA

Hon. Susan K. DeClercq

Mag. Judge Kimberly G. Altman

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO THE MOTIONS TO DISMISS (ECF NOS. 13, 16)**

Fed. R. Civ. P. 6(b)(1)(A)

E.D. Mich. LR 7.1

Plaintiff Nadja Yang moves under Fed. R. Civ. P. 6(b)(1)(A) for an order enlarging her time to respond to the Motion to Dismiss of Defendants Denise Truesdell, Timothy G. Lynch, Sean Fritz, and Kathleen Chapman (the "Individual Defendants"), ECF No. 13, and to the Motion to Dismiss of Defendant Educational Computer Systems, Inc., ECF No. 16, through and including December 3, 2026.

## 1 The request is timely

The Court ordered a response to ECF No. 13 by October 12, 2026, ECF No. 15; extended the time on stipulation to November 3, 2026, ECF No. 17; and enlarged it to November 13, 2026. Text-Only Order (Nov. 4, 2026) ("Response due by 11/13/2026."). The Court ordered a response to ECF No. 16 by November 13, 2026 as well. ECF No. 18 (docket text) ("Response due by 11/13/2026."). The Court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). This motion is filed on November 13, 2026, before the original time for the one response and the extension for the other end "at midnight in the court's time zone." Fed. R. Civ. P. 6(a)(4)(A). The showing required is good cause. *Cf.* Fed. R. Civ. P. 6(b)(1)(B).

## 2 Good cause

The Plaintiff requires more time to evaluate her response to the two motions to dismiss, on neither of which a hearing has been set, in an action in which no scheduling order has been entered.

On October 26, 2026, the Plaintiff moved in the United States District Court for the Northern District of California for a preliminary injunction against the Regents of the University of Michigan (the "University"), which appears in that action, as the Individual Defendants appear in this action, through Barnes & Thornburg LLP, and the motion was docketed with "Responses due by 11/9/2026. Replies due by 11/16/2026." Pl.'s Notice of Mot. & Mot. for Prelim. Inj., *Chi v. Regents of the University of Michigan*, No. 3:26-cv-11021-EMC (N.D. Cal. Oct. 26, 2026), ECF No. 12 (docket text). On October 27, 2026, the Northern District of California ordered the Plaintiff "to show cause as to why

this case should not be dismissed for lack of personal jurisdiction and/or improper venue, or at the very least why this case should not be transferred to the Eastern District of Michigan pursuant to § 1404(a)," and provided that "Ms. Yang's response to this order to show cause shall be filed by November 5, 2026. The University shall then have until November 12, 2026, to file a response." *Chi*, ECF No. 14, at 2.

The University filed no opposition to the motion for a preliminary injunction by November 9, 2026. *Chi*, ECF No. 16, at 2. On November 12, 2026, the University filed a response to the order to show cause, *Chi*, ECF No. 17, and a paper captioned "DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S NOTICE OF NON-OPPOSITION," which states that "[t]he University opposes the motion for preliminary injunction" and that, "[s]hould the Court make the prerequisite findings that it has personal jurisdiction over the University and that venue is proper, the University will address the merits of Ms. Yang's preliminary injunction motion." *Chi*, ECF No. 18, at 1–2. The certificates of service of the two papers are signed by Lisa D. Starks, who appeared for the Individual Defendants in this action on September 10, 2026, *Chi*, ECF No. 17, at 15; *Chi*, ECF No. 18, at 3; ECF No. 12 (docket text), and the University gave notice on November 13, 2026 that "Counsel for the University was thus, unexpectedly, unable to serve Ms. Yang by email on November 12, 2026," and "promptly served Ms. Yang by email the following morning once Outlook service was restored on November 13, 2026." *Chi*, ECF No. 20, at 2. The order transferring the action to this District was entered on November 13, 2026, eighteen days after the motion for a preliminary injunction was filed and three days before the date docketed for the Plaintiff's reply. Order Transferring Case at 1, 5, *Chi*, ECF No. 19 (N.D. Cal. Nov. 13, 2026) ("Having considered the papers submitted, the Court hereby TRANSFERS the case at bar to the Eastern District of Michigan.").

The order states that "[t]he Court, however, need not rule dispositively on personal jurisdiction (or venue)," *id.* at 3 (footnote omitted); that "[t]he fact that Ms. Yang has filed a motion for a preliminary injunction in this District does not dictate whether or not

there is a transfer," and that "[n]othing prevents Ms. Yang from seeking such relief with the court in the Eastern District of Michigan," *id.* at 4; and that "[t]he Clerk of the Court is directed to effectuate the transfer and administratively close the file in this case." *Id.* at 5. The caption of the order lists "Docket Nos. 14-15, 17," *id.* at 1, and the motion for a preliminary injunction is Docket No. 12. The University's response of November 12, 2026, which is Docket No. 17, describes this action as one of "two lawsuits pending against the University in Michigan," states that "Ms. Yang is attempting to overwhelm the University with duplicative (or related) litigation," *Chi*, ECF No. 17, at 10 (citing "*Yang v. Educ. Comput. Sys., Inc., et al.*, Case No. 2:26-cv-12839 (E.D. Mich. Aug. 13, 2026)"), and answers the Plaintiff's showing on transfer as follows: "Notwithstanding Ms. Yang's extensive discussion of the setlists of the musical artists Phoebe Bridgers and Olivia Rodrigo, Resp. at 25, 30-31, or the differences in climate between San Francisco and Ann Arbor, Michigan, *id.* at 26-30, the convenience of the parties and the interest of justice overwhelmingly favor the Eastern District of Michigan." *Id.* at 13.

The Plaintiff had submitted to the Northern District of California that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," *Chi*, ECF No. 12, at 13 (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)), and that "[w]hen a party comes to us for interim relief, . . . we 'cannot hide in the tall grass.' . . . Ultimately, 'we must grant or deny.' . . . That means resolving (at least tentatively) the legal issues properly before us—and not just the easy ones." *Id.* at 18 (quoting *Trump v. Cook*, 609 U.S. 528, 550 n.3 (2026) (quoting *Trump v. CASA, Inc.*, 606 U.S. 831, 874 (2025) (Kavanaugh, J., concurring))). "Although [the Supreme Court's] interim orders are not conclusive as to the merits, they inform how a court should exercise its equitable discretion in like cases." *Id.* at 14 (alteration in original) (quoting *Trump v. Boyle*, 606 U.S. 989, 989 (2025) (order granting stay)). The Plaintiff had submitted that "the transfer that § 1406(a) permits in place of dismissal . . . exists for the plaintiff's protection" and that "[t]he Plaintiff does not ask for that 'protection,'" *Chi*, ECF No. 15, at 25, and had asked, "should the Court order a

transfer under 28 U.S.C. § 1404(a)," that "the order be stayed for a period sufficient to permit a petition for a writ of mandamus, 28 U.S.C. § 1651(a), or be certified under 28 U.S.C. § 1292(b)," *id.* at 38, and the order answers that "the request is denied. Ms. Yang has failed to establish that she is entitled to relief." *Chi*, ECF No. 19, at 4 (citing *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997)); *but see Chi*, ECF No. 21, at 2 (citing *Patel*, 134 F.3d at 933, as "remanding 'for the district court to order the consulate to either grant or deny the visa applications'").

The Plaintiff noticed an appeal to the United States Court of Appeals for the Ninth Circuit on November 13, 2026 from the order as "an interlocutory order 'refusing' the preliminary injunction for which she moved on October 26, 2026," *Chi*, ECF No. 21, at 2 (citing 28 U.S.C. § 1292(a)(1)), the notice stating that "[t]he order does not grant the injunction," *id.* (citing *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) ("Here the District Court's inaction—not for 42 minutes but for 14 hours and 28 minutes—had the practical effect of refusing an injunction . . . .")), and that "'[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.* (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). "'Because the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially "involved in the appeal."'" *Id.* (quoting *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023)); *see id.* at 2–3 (quoting *Coinbase*, 599 U.S. at 760 (Jackson, J., dissenting) ("Indeed, any appeal over the proper forum for a dispute would arguably raise the same question.")). The hearing on the motion for a preliminary injunction had been set for December 3, 2026. *Chi*, ECF No. 13 (docket text) ("reset from 12/3/2026, at 1:30 PM to 12/3/2026, at 10:30 AM").

## 3 Concurrence

This motion is filed on the evening of November 13, 2026, and the time to respond ends at midnight. Fed. R. Civ. P. 6(a)(4)(A). "[C]oncurrence in the motion has not been sought because of the emergent nature of the relief requested in the motion." E.D. Mich.

LR 7.1(a)(2)(C).

## 4 Conclusion

For the foregoing reasons, the Plaintiff respectfully requests that the Court enlarge her time to respond, move, or otherwise plead in response to ECF Nos. 13 and 16 through and including December 3, 2026.

Dated: November 13, 2026

Respectfully submitted,

/s/ Nadja Yang

NADJA YANG, Plaintiff *pro se*

Assisted-by: Claude Fable 5.2 via Claude Code